## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| **KEITH BARNWELL, et al** | : |
| | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : **Case No.:** |
| | : |
| **SAFEWAY, INC., et al** | : |
| | : |
| **Defendant.** | : |

## NOTICE OF REMOVAL

Defendant Safeway, Inc. ("Defendant" or "Safeway"), by and through its undersigned attorneys, KIERNAN TREBACH LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-captioned matter to this Court. The grounds for removal are set forth below.

### Nature of Plaintiff's Claim

1. On or about May 22, 2022, Plaintiffs Keith and Marcia Barnwell ("Plaintiffs"), by and through counsel, filed the above action against Defendant in the Circuit Court for Prince George's County, Maryland, under Case No. CAL22-16167. In accordance with 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served in the Circuit Court for Prince George's County as of this date are attached hereto as **Exhibit A**.

2. The Complaint alleges that Plaintiff Keith Barnwell sustained injury as a result of a slip and fall in the parking lot at the Safeway store located at 15916 Crain Highway, Brandywine, Maryland 20613 (the "Store").

3. The Complaint asserts one count of negligence and one count of Loss of Consortium against Safeway, Velocis Brandywine MZL, LP ("Velocis"), and Ruppert Landscape, Inc. ("Ruppert").

## Procedural Posture

4. This action was initiated by Plaintiffs on or about May 22, 2022.

5. Upon information and belief, Defendant was served through its resident agent in the Lutherville Timonium, Maryland via certified mail on June 28, 2022.

6. The Notice of Removal of this case to the United States District Court is being timely filed by Defendant within thirty (30) days after service was purportedly effected on it on June 28, 2022 pursuant to 28 U.S.C. § 1446(b)(2)(B).

## Parties

7. Plaintiffs allege in Paragraph 1 of the Complaint that they are individuals residing in Rowland, North Carolina. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Plaintiff is a citizen of North Carolina.

8. Defendant Safeway, Inc. is a Delaware corporation with its principal place of business in California. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Safeway is a citizen of Delaware and California.

9. Defendant Velocis is a Delaware company with its principal place of business in Texas. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Velocis is a citizen of Delaware and Texas.

10. Defendant Ruppert is a Maryland Corporation with its principal place of business in Maryland. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Ruppert is a

citizen of Maryland. Upon information and belief, Defendant Ruppert has not been properly joined and served as a Defendant.

## Jurisdiction and Venue

11.     This action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c).

12.     This case is removable pursuant to 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1)     citizens of different States....

13.     Plaintiff is a citizen of North Carolina, Defendant Safeway is a citizen of Delaware and California, Defendant Velocis is a citizen of Delaware and Texas, and Defendant Ruppert is a citizen of Maryland. Upon information and belief, Defendant Ruppert has not been properly joined and served as a Defendant.

14.     Plaintiff's Complaint seeks damages in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00).

15.     Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a), this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000.00 and because this action is between citizens of different states.[1]

---

[1] The plain language reading of § 1441(b)(2) unambiguously requires that a defendant be properly joined and served before precluding removal. *See Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 505-06 (N.D.W. Va. 2015) (Denying Plaintiff's Motion to Remand where one Defendant was not properly joined and served at the time of removal); *see*

16. Venue is proper because this district embraces the jurisdiction in which Plaintiffs initiated their lawsuit and the jurisdiction in which the alleged incident occurred.

17. There are no other defendants to this lawsuit.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court for Prince George's County, Maryland, and served along with written notice mailed to Plaintiffs' counsel of record, Defendant Velocis' Resident Agent, and Defendant Ruppert's Resident Agent. A copy of the Notice to the Clerk of Removal is attached hereto as **Exhibit B**.

19. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendant.

WHEREFORE, Defendant Safeway, Inc. hereby removes the above-captioned action, which is now pending in the Circuit Court for Prince George's County, Maryland.

DATED this 26th day of July, 2022.

---

*also Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) (Holding that the case "could have been removed by [Defendant] FedEx from state court at any time after it was filed there so long as [Defendant] Belcher was an unserved defendant); *see also Wensil v. E.I. Dupont de Nemours 7 Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) (explaining that § 1441(b)(2) is clear and "the presence of unserved resident defendants does not defeat removal where complete diversity exists.").

Respectfully submitted,

/s/ Justin M. Cuniff
Justin M. Cuniff, Esq. #16689
Bryant T. Cannon, Esq. #26262
Kiernan Trebach LLP
One Park Place, Suite 425
Annapolis, MD 21401
Telephone: (443) 263-2800
Facsimile:  (443) 263-2935
Email:  jcuniff@kiernantrebach.com
Email: bcannon@kiernantrebach.com
*Counsel for Defendant Albertsons/Safeway, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEITH BARNWELL, et al** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.:** |
| | : | |
| **SAFEWAY, INC., et al** | : | |
| | : | |
| **Defendant.** | : | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of July, 2022, a copy of the foregoing *Notice of Removal* was served via first class mail upon:

Steven M. Nemeroff, Esq.
4710 Bethesda Avenue
Suite 203
Bethesda, Maryland 20814
*Counsel for Plaintiffs*

Velocis Brandywine, MZL, LP
Resident Agent: Vcorp Services Maryland, Inc.
2405 York Road
Suite 201
Lutherville, Maryland 21093

Ruppert Landscape, Inc.
Resident Agent: Craig Ruppert
7950 Hawkins Creamery Rd.
Laytonsville, Maryland 20882

*/s/ Justin M. Cuniff*
Justin M. Cuniff, Esq. #16689
Bryant T. Cannon, Esq. #26262
Kiernan Trebach LLP
One Park Place, Suite 425
Annapolis, MD 21401
Telephone: (443) 263-2800
Facsimile:  (443) 263-2935
Email: jcuniff@kiernantrebach.com
Email: bcannon@kiernantrebach.com
*Counsel for Defendant Safeway, Inc.*