

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-16167

Other Reference No.(s): ..................................

Child Support Enforcement Number: ..................................

Date issued: June 6, 2022

To:
Safeway Inc
A Maryland Corporation
Resident Agent:
The Corporation Trust Inc
2405 York Road Suite 201
Lutherville, MD 21093

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by;

KEITH BARNWELL
702 WEST MAIN ST
ROWLAND NC 28383

This summons is effective for service only if served within 60 days after the date it is issued.

Maharira El Amin
Clerk of the Circuit Court
#544

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

CC-CV-032 (Rev. 01/2019)          Page 1 of 6          CAL22-16167



Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md.  20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.:  CAL22-16167

Other Reference No.(s):  ...................................

Child Support Enforcement Number:  ...................................

Date issued:  June 6, 2022

To:
Safeway Inc
A Maryland Corporation
Resident Agent:
The Corporation Trust Inc
2405 York Road Suite 201
Lutherville, MD 21093

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by;

KEITH BARNWELL
702 WEST MAIN ST
ROWLAND NC 28383

This summons is effective for service only if served within 60 days after the date it is issued.

Clerk of the Circuit Court

To the person summoned:

    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## SHERIFF'S RETURN

Circuit Court for <u>Prince George's County</u>

To:................................................

Sheriff fee:................................By:...................................................................

Served:...........................................................................................................

Time:......................Date:...............................................................................

Unserved (Reason):.........................................................................................

With the following:

| | |
|---|---|
| ☐ Summons | ☐ Counter Complaint |
| ☐ Complaint | ☐ Domestic Case Information Report |
| ☐ Motions | ☐ Financial Statement |
| ☐ Petition and Show Cause Order | ☐ Other: _____ |
| | **(please specify)** |

Was unable to serve because:

| | |
|---|---|
| ☐ Moved; left no forwarding address | ☐ No such address |
| ☐ Address not in Jurisdiction | ☐ Other: _____ |
| | **(please specify)** |

Sheriff Fee: $_____          ☐  Waived by: _____

_____
**(Serving Sheriff's Signature & Date)**

Instructions to Private Process:

1.  This Summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3.  Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4.  If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

# SHERIFF'S RETURN

Circuit Court for <u>Prince George's County</u>

To:...................................................

Sheriff fee:..................................By:..................................................................................

Served:..............................................................................................................................

Time:....................Date:...............................................................................................

Unserved (Reason):.............................................................................................................

With the following:

☐ Summons            ☐ Counter Complaint
☐ Complaint           ☐ Domestic Case Information Report
☐ Motions             ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Other: _____
                                                            **(please specify)**

Was unable to serve because:

☐ Moved; left no forwarding address    ☐ No such address
☐ Address not in Jurisdiction         ☐ Other: _____
                                                            **(please specify)**

Sheriff Fee: $_____       ☐ Waived by: _____

_____
**(Serving Sheriff's Signature & Date)**

Instructions to Private Process:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT FOR Prince George's County _____ 
<span>(City or County)</span>

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT   CASE NUMBER CAL22-16167
                                                     (Clerk to insert)

CASE NAME: Keith and Marcia Barnwell    vs.  Safeway Inc et al
                    Plaintiff                        Defendant

PARTY'S NAME:_____ PHONE:_____

PARTY'S ADDRESS:_____

PARTY'S E-MAIL:_____

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Steven M. Nemeroff     PHONE: 301 986 5200

PARTY'S ATTORNEY'S ADDRESS: 4710 Bethesda Avenue, Suite 203. Bethesda, MD 20814

PARTY'S ATTORNEY'S E-MAIL: SMN@WortmanNemeroff.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☐No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours  2 days

*[handwritten vertical text at right: PR GEO CO MD #55  2022 MAY 26  PM 1:15  CLERK OF THE CIRCUIT COURT]*

### PLEADING TYPE

New Case: ☒Original  ☐Administrative Appeal  ☐Appeal

Existing Case: ☐Post-Judgment  ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded. ☐Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☒Under $10,000   ☐ $10,000 - $30,000   ☒ $30,000 - $100,000   ☐ Over $100,000

☒Medical Bills $ 2,000   ☐ Wage Loss $_____   ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☒Yes ☐No          C. Settlement Conference ☐Yes ☐No
B. Arbitration ☐Yes ☒No          D. Neutral Evaluation ☐Yes ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.* **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

5/22/22
_____
Date

4710 Bethesda Avenue, Suite 203
_____
Address

| Bethesda | MD | 20814 |
|---|---|---|
| City | State | Zip Code |

_____
Signature of Counsel / Party

Steven M. Nemeroff
_____
Printed Name

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**KEITH BARNWELL**
702 West Main St
Rowland, NC 28383

and

**MARCIA BARNWELL**
702 West Main St
Rowland, NC 28383

       Plaintiffs.

v.

**VELOCIS BRANDYWINE MZL LP**
a Delaware limited partnership
300 Crescent Court
Suite 850
Dallas, Texas 75201

       Resident Agent:
       Vcorp Services Maryland Inc
       2405 York Road
       Suite 201
       Lutherville, Maryland 21093-2264

and

**RUPPERT LANDSCAPE INC**
a Maryland corporation
23601 Laytonsville Road
Laytsonsville, Maryland 20882

       Resident Agent:
       Craig Ruppert
       7950 Hawkins Creamery Road
       Laytsonsville, Maryland 20882

**SAFEWAY INC**
a Maryland corporation
15916 Crain Highway
Brandywine, Maryland 20613

Case No: CAL22-16167

CLERK OF THE
CIRCUIT COURT
2022 MAY 26  PM 1:45
PR GEO CO MD #55

Resident Agent:                                    :
The Corporation Trust, Incorporated                :
2405 York Road                                     :
Suite 201                                          :
Lutherville, Maryland 21093-2264                   :
                                                   :
Defendants.                                        :

CLERK OF THE
CIRCUIT COURT
2022 MAY 26 PM 1:45
PR GEO CO MD #55

## **COMPLAINT**

Plaintiffs Keith Barnwell and Marcia Barnwell, by and through their attorneys, Wortman & Nemeroff, P.A., and Steven M. Nemeroff, Esquire, hereby sues Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc and for reasons states as follows:

### **Parties, Venue and Jurisdiction**

1. Plaintiffs Keith Barnwell and Marcia Barnwell reside at 702 West Main Street, Rowland, North Carolina, 28383.

2. Defendant Velocis Brandywine MZL LP is a Delaware limited partnership with its principal office located at 300 Crescent Court, Suite 850, Dallas, Texas 75201.

3. Defendant Ruppert Landscape Inc is a Maryland corporation with its principal office located at 23601 Laytonsville Road, Laytsonsville, Maryland 20882.

4. Defendant Safeway Inc is a Maryland corporation located at 15916 Crain Highway, Brandywine, Maryland 20613.

5. The subject accident occurred in Prince George's County, Maryland.

6. This Court has jurisdiction to hear and determine this matter pursuant to *Md. Code,.Ann.Cts.&Jud.Proc,* §1-501.

7. Venue is proper to this Court pursuant to *Md.Code.Ann.Cts.&Jud. Proc.* § 6-

201.

## COUNT I
## (Negligence)

8. On February 8, 2021, at approximately 10:15 am, Plaintiff Keith Barnwell was a business invitee at the Safeway Store located at 15916 Crain Highway, Brandywine, Maryland 20613 which premises are owned, operated and/or maintained by Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc (hereafter collectively referred to as the "**Safeway Store**").

9. At the time of the accident, Plaintiff Keith Barnwell was properly walking from the Safeway Store exit to his bus parked in the parking lot of the Safeway Store when he slipped on hidden untreated black ice causing him to fall backwards landing on his back and buttocks resulting in immediate trauma injury.

10. At the time of the accident, the weather was clear, dry and sunny. It was not snowing or raining. There was no snow in the area where the accident occurred.

11. There were no warning signs of any kind in the area.

12. Defendants had actual and constructive knowledge of this dangerous condition sufficiently prior to the accident

13. Defendants owed a duty to exercise reasonable care to maintain its premises in a safe condition. This includes the affirmative duty to perform reasonable inspections of its premises to ascertain any dangerous conditions and to promptly remedy any such dangerous conditions or warn that the dangerous condition exists.

14. Invitees to the Safeway Store, including Plaintiff Keith Barnwell, are entitled to expect that Defendants had taken reasonable safeguards to make the walkways

safe for their invitees and customers.  Plaintiff Keith Barnwell was walking on an area intended for his safe passage at the Safeway Store.

15.  This accident  was proximately caused by the negligence and carelessness of the Defendants in breach of the duty they owed Plaintiff Keith Barnwell to exercise reasonable care for the safety of its invitees and to maintain its premises in a reasonably safe condition by creating this dangerous and unsafe condition; failing to take precautionary measures to prevent the unreasonably dangerous and unsafe condition; failing to take adequate and necessary steps to remedy this unreasonably dangerous and unsafe condition; failing to properly, timely and adequately inspect the premises which inspection would have revealed this dangerous and condition; and failing to warn of this unreasonably dangerous and unsafe condition.

16.  As a result of the Defendants' negligence and carelessness, Plaintiff Keith Barnwell sustained serious physical, mental, and emotional injuries more particularly, but not limited to:  acute strain to the lumbar spine with radiculopathy, leg pain swelling, bruised left hand; he has endured great physical pain, suffering, mental anguish and inconvenience; he has lost substantial time from his normal activities of daily living; he has incurred substantial expense for hospital, medical and related treatment and he missed time from work and incurred substantial expense for lost of income from his employment.

WHEREFORE, Plaintiff Keith Barnwell demands judgment against Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc, jointly and severally, in the sum of Two Hundred Thousand Dollars ($200,000.00), besides costs.

## <u>COUNT II</u>
### (Loss of Consortium)

18.   All allegations of fact contained in ¶1 through ¶16 of this Complaint are incorporated herein and are said to be read as though repeated in full.

19. Plaintiffs Keith Barnwell and Marcia Barnwell were at the time of said occurrence and are now husband and wife.

20.   As a result of the aforesaid negligence and carelessness of Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc, Plaintiffs Keith Barnwell and Marcia Barnwell have jointly suffered the loss of consortium and companionship to the detriment of their marital relationship.

**WHEREFORE**, Plaintiffs Keith Barnwell and Marcia Barnwell demand judgment against Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc, jointly and severally, in the sum of Fifty Thousand Dollars ($50,000.00), besides costs.

Respectfully submitted,
Wortman & Nemeroff, P.A.,

Steven M. Nemeroff, CPF: 8706010297
4710 Bethesda Avenue
Suite 203
Bethesda, Maryland 20814
Telephone:   (301) 986-5200
Fax:           (301) 986-4520
Email: SMN@WortmanNemeroff.com

*Attorney for Plaintiffs*

**<u>Demand for Jury Trial</u>**

Plaintiffs demand a trial by jury on all issues herein.

_____
Steven M. Nemeroff

F:\WP_FILES\CLIENTS\Barnwell.Keith\Complaint.doc

CLERK OF THE
CIRCUIT COURT
2022 MAY 26  PM 1:45
PR GEO CO MD #55

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

| | |
|---|---|
| **KEITH BARNWELL, et ux** | : |
| | : |
| Plaintiffs. | : |
| | : |
| v. | : Case No: CAL-22-16167 |
| | : |
| **VELOCIS BRANDYWINE MZL LP, et al** | : |
| | : |
| Defendants. | : |

### INTERROGATORIES

TO:       Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc, separately and individually

FROM:   Plaintiffs Keith Barnwell and Marcia Barnwell c/o Wortman & Nemeroff, P.A.

### Instructions & Directions

    1.  These Interrogatories are directed to Defendants VELOCIS BRANDYWINE MZL LP, RUPPERT LANDSCAPE INC and SAFEWAY INC, separately and individually, and their respective agents, servants and/or employees, and to all Persons having control of responsive documents under contract or other forms of agreement with them.

    2.  Where the "Identity" of a Person is requested or Defendants are asked to "Identify" a Person, state in full the name, home and work address, and home, work and cell telephone number, if known.

    3.  Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

    4.  Where knowledge or information or possession of a party is requested, such request includes the knowledge, information and possession of the party's agents, representatives, servants or employees and, unless privileged, his attorneys.  When answer is made by a corporate party, state the name, address and title of the Person supplying the information and making the affidavit, and the source of his information.

    5.  The pronoun "you" refers to the party to whom these Interrogatories are addressed.

6.  As a matter of definition, "document" refers to any written, printed, typed, recorded or graphic matter of any nature, however produced or reproduced, whether transcribed by hand or by some mechanical, electronic, photographic, digital, or other means in any form, and whether or not the original is now in existence, and includes the original and all copies and drafts were prepared or whether they were ever used, and further includes, but is not limited to, any e-mails, websites, texts, phone-mail, facebook, twitter, Internet or cloud and/or any documents contained within any of the Defendant's electronic, hardware, software, storage programs, systems, servers  or computers or any copies, pictures, duplicates, facsimiles, or other electronic or digital reproductions thereof; papers; books; records; letters; correspondence; notebooks; bulletins; forms; deposition transcripts; contracts; agreements; certificates; minutes; reports; studies; charts; graphs; maps; analyses; statistical records; ledgers; journals; receipts; canceled checks; statements; videotapes; sound and/or tape recordings; memoranda (including any type or form of notes; memoranda or sound records of personal thoughts, recollections or reminders, or of telephone or other conversations, or of acts, activities, agreements, meetings or conferences); photostats; microfilm; microfiche; inter-office or intra-office communications; canceled tickets; diaries; calendars or desk pads; appointment books; and other papers or matter similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or for transmittal.  If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), each non-identical copy is a separate "document".  The phrase "each and every document" shall mean each and every document within a stated category, known to the Defendant and/or document which can be designated and/or located by the use of reasonable diligence, whether located on premises owned by the Defendant and/or elsewhere.

7.  Words in the past tense include the present and words in the present tense include the past.

8.  Use of the singular shall be deemed to include the plural and use of the masculine shall be deemed to include the feminine as appropriate, and vice versa.

9.  "Person(s)" shall mean and include natural persons, proprietorships, corporations, companies, partnerships, trusts, limited liability companies, joint ventures, and all other forms of organization of association.

10.  Wherever time limitations are not specified herein, the period for which responsive documents are requested is 2020 to the present.  Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the Occurrence stated in the Complaint.

11.   All information which is not produced under a claim of privilege, under a claim that such information forms a part of the attorney's work product, or under a claim that such information was prepared in anticipation of litigation, shall be identified in sufficient detail to permit a request for in camera inspection of each such information in the event any such claim is disputed.

12.   The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside its scope.

13.   These Interrogatories are continuing in nature, requiring a supplemental response pursuant to *Md.R.Civ.* § 2-402 and production when new, different or clarifying information comes into the possession of the party to whom these Interrogatories are addressed or the possession of said party's counsel.

14.   As used herein, the term "relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, directly or indirectly.

15.   The term "including" means including but not limited to.

16.   To the extent that no single document exists or is in your possession, custody or control which contains all the information sought in any particular specification herein, you are to provide such other documents in your possession, custody or control which are sufficient to show, compute, compile or explain all the information requested in such specifications or as much thereof as is available.

17.   The term "Occurrence" means any allegations described in the Complaint relating to liability, causation or damages.

18.   The term "Premises" means the premises known as the Safeway Store located at 15916 Crain Highway, Brandywine, Maryland 20613, including but not limited to, the parking lot area where the Plaintiff fell as described in the Complaint.

19.   Pursuant to Md.R.Civ. § 2-402(a), Defendants are required to answer each Interrogatory regardless of "whether *it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party" and* therefore, there is no legal basis to object or refuse to answer an Interrogatory on the grounds that the Plaintiff has the initial burden of proof.

20.   *Md.R.Civ.* § 2-421(b), the Interrogatories must be answered fully and the answers shall include "all information available to the party." The failure to "fully" and

"completely" answer an Interrogatory in accordance with Md.R.Civ. § 2-421(b) constitutes a "failure" to answer under the discovery rules.

### Interrogatories

1.  Please Identify the correct legal name of each Person who owned, controlled, operated, leased and/or maintained all or any part of the Premises on the date of the Occurrence and describe which part(s) of the Premises each Person owned, controlled, operated, leased and/or maintained.

2.  Please Identify each Person who was either an eyewitness to all or part of the Occurrence, or otherwise has personal knowledge of any facts relating to the Occurrence including the source of each Person's knowledge.

3.  Please identify any communications, oral, written or otherwise, by and/or between you and any other Person relating to (i) the Occurrence, and (ii) the inspection, maintenance, snow shoveling, salting, clearing, cleaning, treatment of ice, or condition of the Premises where the Plaintiff fell as described in the Complaint on the day of the Occurrence and during the two (2) year period immediately prior to the Occurrence or afterwards, including in your answer, whether it was written or oral, the date it was made, Identify the Person to whom it was made, and the Person(s) who were present at the time of each communication.

4.  Please Identify all Persons, including the Plaintiff, who have given you any signed, telephonic, electronic, digital, oral or recorded statements in connection with the Occurrence, including the date said statement was taken and by whom it was taken.

5.  Please identify and describe in detail any plat, diagram, drawing, plan,

4

document, police reports, accident reports, weather reports, movies or photographs concerning this Occurrence, the condition of the Premises including the area where the Plaintiff fell as described in the Complaint, and/or any injuries or damages sustained by the Plaintiff, and for each, please Identify the Person who prepared it and who currently has custody and control of same.

6. Please identify any communications made by any Plaintiff or any other Person, oral, written or non-verbal statements, at any time, directly or indirectly, to you regarding the Occurrence, stating whether it was written or oral, the date it was made, the Identity of the Persons to whom it was made or who heard it, and the Identity of the Persons present at the time of each statement.

7. Please identify precisely, in detail all policies of insurance which may be used to satisfy all or part of any judgment that may be rendered against you including in your answer, but not limited to, the limits of each such policy, the existence of any medical payments provision and whether there are any exclusions in said policies applicable to this occurrence.

8. If a report was made by you or an employee of yours in the ordinary course of business with respect to the Occurrence or any incidents during the five year period prior to the Occurrence involving a Person who slipped and/or fell on the parking lot of the Premises, please Identity the Person(s) who made the report, the date thereof, and the title or description of the report.

9. If you contend that any Person, whether a party to this action or not, action acted in such a manner as to cause or contribute to the Occurrence, please Identify that

5

Person, and give a detailed statement of each and every fact and identify each and every document upon you rely in support of this contention.

10.  Please state the date and time when the Persons named in number 1 first acquired knowledge of the conditions described in the Complaint, including but not limited to, the existence of any ice on the parking lot area where the Plaintiff fell as described in the Complaint, and include the manner in which it acquired this knowledge, the identity of all Person(s) who reported this condition and all Person(s) to whom this condition was reported.

11.   Please identify all Persons, including their agents, servants, employees and/or independent contractors, who inspected, shoveled, cleared, cleaning, salted,de-iced or treated the Premises, including the parking lot where the Plaintiff fell as described in the Complaint on the day of the Occurrence and describe (a) precisely the nature of the inspection, maintenance, snow shoveling, salting, clearing, treatment of ice, or condition of the Premises where the Plaintiff fell as described in the Complaint that was done during the 72 hour period immediately prior to the Occurrence, including how it was done, the Identity of each Person who was involved in doing it, and any equipment used to perform these services, (b) the exact times(s) each was done during the 72 hour period immediately prior to the Occurrence, and (c) the specific duties and responsibilities of each Person.

12. Did any of the Defendants, or any Person on their behalf, inspect the parking lot area of the Premises where the Plaintiff fell as described in the Complaint during the 72 hour period immediately prior to, and 24 hour period immediately after, the

6

Occurrence. If so, state the Identity of each Person who inspected the parking lot area of the Premises where the Plaintiff fell as described in the Complaint, the time of each inspection, the nature and extent of each inspection performed, the reason for each inspection, what was done in each inspection and the results and observations of each inspection.

13. Do you contend that a reasonable and proper inspection of the parking lot area of the Premises where the Plaintiff fell as described in the Complaint immediately prior to the Occurrence would not have revealed any black ice or dangerous or unsafe condition? If so, please state each fact and identify each document on which you relay in support of your answer.

14. Please Identify each Person working on the Premises on the date of the Occurrence who had responsibility for performing any inspection, maintenance, cleaning, snow shoveling, salting, or clearing of, or treatment of ice, of, on the Premises including the area where the Plaintiff fell as described in the Complaint and describe the specific duties and responsibilities of each.

15. Please state precisely each and every step, measure, methods, effort, repair, maneuver, act or thing done or undertaken by you, or any Person on your behalf, to make sure that the Premises, including the parking lot area where the Plaintiff fell as described in the Complaint, was properly inspected, maintained, cleaned, shoveled, salted, deiced, treated and/or cleared as of the time of the Occurrence to prevent it from being slippery and/or dangerous for invitees walking on it.

16. Please state each and every step, effort, repair, maneuver, act or thing done

7

or undertaken by you or any other Person on you behalf to prevent an invitee from slipping on black ice on the parking lot area where the Plaintiff fell as described in the Complaint, and to maintain the parking lot of the Premises in a safe condition for invitees.

17. Please state the reason there was black ice was on the parking lot area of the Premises where the Plaintiff fell as described in the Complaint at the time of the Occurrence. If you claim there was not any black ice, please state each fact, and identify each documents on which you relay in support of your contention.

18. Please state whether you or any other Person placed or gave any warnings, signs, posters, cones, tape or indicators of any condition of the parking lot area where the Plaintiff fell as described in the Complaint, including but not limited to the existence of black ice, prior to or after the Occurrence. If so, please describe the nature of the warnings including the words, color, size, terminology, quantity, the precise location on the Premises of where these warnings were located, the date that any warnings were placed or given, the reason the warnings were given and Identity of the Person who made or gave them.

19. If there were not warnings, signs, posters, cones, tape or indicators at the time of the Occurrence of the condition of the parking lot area where the Plaintiff fell as described in the Complaint, including but not limited to the existence of black ice, please state each and every fact why not.

20. Please describe the precise terms and conditions of any agreements, oral, written or otherwise, between you and any of the other Person, including any

8

Defendant, regarding the inspection, maintenance, cleaning, shoveling, salting, deicing, treatment and/or clearing of the Premises including the parking lot area where the Plaintiff fell as described in the Complaint, and if so, Identify each party to the agreement, the date of the agreement, the purpose of the agreement and the title of the agreement.

21. If you contend that you did not have either actual or constructive knowledge of the condition of the parking lot area where the Plaintiff fell as described in the Complaint prior to and at the time of the Occurrence, including but not limited to the existence of ice, please state each and every fact upon which you rely to support your contention.

22.  Please state the last date and time that the parking lot area where the Plaintiff fell as described in the Complaint, were inspected, maintained, cleaned, shoveled, salted, deiced, treated and/or cleared during the 72 hour period immediately prior to the Occurrence and Identify each Person who did it, the observations made by each Person and each step, action, maneuver or thing done to make sure that the Premises where the Plaintiff fell as described in the Complaint was safe for people to walk on it.

23.    Please identify all expert witnesses you have consulted and/or intend to call as witnesses at the trial of this action including the name, address, telephone number profession, and occupation; the subject matter on which each expert is expected to testify; the substance of the facts and opinions to which each expert is expected to testify; a summary of the grounds on which each bases their opinion; the

9

specialty of each expert;  the educational background of said expert witness or attach a copy of the most recent curriculum vitae;  what information, materials, medical records, documents and discovery said expert reviewed prior to rendering his or her opinion; and attach a copy of all reports prepared by any expert named above.

24.  Please state each fact and identify each document upon which you rely to support of any defense asserted in your Answer and/or that you were not negligent in the operation, ownership, inspection, and/or maintenance of the Premises as described in the Complaint.

25. Please describe each policy, practice, standard, or procedure, oral, written or otherwise, under which you operated for the inspection, maintenance, cleaning, shoveling, salting, deicing, treating and/or clearing of the Premises including the parking lot area where the Plaintiff fell as described in the Complaint and the treatment of snow or ice on the parking lot, and include in your answer, any changes to them in the past 5 years, including after the Occurrence, the Identity of the Person(s) who implements them and the purpose of each policy, practice, standard, or procedure.

26.  If you contend that the Plaintiff acted in such a manner as to cause or contribute to the Occurrence, give a precise and detailed statement of each fact and each document upon you rely in support of your contention.

27.  If you contend that any injury or disability about which the Plaintiff complains is due to any prior or subsequent infirmity, injury, condition or disease or is not causally related to the Occurrence, state precisely and in detail each fact and identify each document upon you intend to rely to support your contentions, including the identity of

10

all Persons having personal knowledge of such facts.

28. Please list in chronological order by date of occurrence the Identity of each Person who claimed to have had an accident involving a slip and/or fall on the Premises alleging negligence in the        during the five year period immediately prior to the Occurrence, and with respect to each such Person, please state the nature of the accident and/or injury claimed; the location of the incident, the date of the incident, the cause or alleged cause of the incident, the date on which you first received notice of the incident by whom the notice was given, to whom it was given and if it resulted in a claim, the court and case number in which any litigation relating thereto was filed and the outcome of each.

Respectfully submitted,
Wortman & Nemeroff, P.A.,

Steven M. Nemeroff, CPF: 8706010297
4710 Bethesda Avenue
Suite 203
Bethesda, Maryland 20814
Telephone:   (301) 986-5200
Fax:              (301) 986-4520
Email:          SMN@WortmanNemeroff.com
*Attorney for Plaintiffs*

F:\WP_FILES\CLIENTS\Barnwell.Keith\IntsToDefendants.doc

11

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**KEITH BARNWELL, et ux**                     :
                                              :
     Plaintiffs.                            :
                                              :
v.                                            : Case No: CAL-22-16167
                                              :
**VELOCIS BRANDYWINE MZL LP, et al**          :
                                              :
     Defendants.                            :

### PLAINTIFFS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Plaintiffs Keith Barnwell and Marcia Barnwell, by and through their counsel, Wortman & Nemeroff, P.A., and pursuant to *Md.R.Civ.* §2-422, hereby requests that Defendants Velocis Brandywine MZL LP, Ruppert Landscape Inc and Safeway Inc, separately and individually, to produce and permit the Plaintiffs to inspect, copy, test, sample, or photograph any and all documents, records or tangible things which constitute or contain matters within the scope of this Rule and which are in the custody, control, or possession of the Defendants as follows:

### INSTRUCTIONS

1.     If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.     Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

     A.     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the

1

information set forth in *Md.R.Civ.* §26 and *Discovery Guideline* 9(c)(ii)(b), including as to each document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶ 2 above, please state the reason for withholding the document.

3.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to *Md.R.Civ.* or *Discovery Guideline* 9(a) will be required as to such material.

5.      If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the *Maryland Rules of Civil Procedure*. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

2

1.    *Communication*: The term "communication" means the transmittal of information by any means oral, written or otherwise.

2.    *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.    *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in *Md.R.Civ.* § 2-422 and include(s) the term "writing." Unless the producing party demonstrates undo burden or other grounds sufficient to meet the requirements of *Md.R.Civ* § 2-402, electronic mail is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in *Md. R. Evid.* A draft or non-identical copy is a separate document within the meaning of the term "document."

As used herein, the term "document" and/or "record(s)" shall also mean any written, printed, typed, recorded or graphic matter of any nature, however produced or reproduced, whether transcribed by hand or by some mechanical, electronic, photographic or other means in any form, and whether or not the original is now in existence, and includes the original and all copies and drafts were prepared or whether they were ever used, and further includes, but not limited to: e-mail, phone-mail, computer hard drive and back-up tapes; papers; books; records; letters; correspondence; notebooks; bulletins; forms; deposition transcripts; contracts; agreements; certificates; minutes; reports; studies; charts; graphs; maps; analyses; statistical records; ledgers; journals; receipts; canceled checks; statements; videotapes; sound and/or tape recordings; memoranda (including any type or form of notes; memoranda or sound records of personal thoughts, recollections or reminders, or of telephone or other conversations, or of acts, activities, agreements, meetings or conferences); Photostats; microfilm; microfiche; inter-office or intra-office communications; canceled tickets; diaries; calendars or desk pads; stenographer's notebooks; appointment books; and other papers or matter similar to any of the foregoing, however denominated, whether received by you or prepared by you for your own use or for transmittal. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), each non-identical copy is a separate "document". The phrase "each and every document" shall mean each and every document within a stated category, known to the Defendant(s) and/or document which can be designated and/or located by the use of reasonable diligence, whether located on premises owned by the Defendant(s) and/or elsewhere.

4.    *Occurrence/Transaction*: The terms "occurrence" and "transaction"

mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in *Md R.Civ* including issues of liability, causation and damages.

5. *Parties*: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

7. *You/Your*: The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

8. *Plural and Tenses*. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9. *File Folders*. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

10. *Premises.* As used herein, "Premises" means the premises known as the Safeway Store located at 15916 Crain Highway, Brandywine, Maryland 20613, including but not limited to, the parking lot area where the Plaintiff fell as described in the Complaint.

## Requests

1. Any and all "documents" concerning all policies of insurance which may be used to satisfy all or part of any judgment that may be rendered against you including any exclusions in said policies applicable to this Occurrence.

2. Any and all "documents" concerning your contentions as to how the Occurrence took place.

3.  Any and all "documents" concerning your contention that Plaintiff acted in a manner as to cause or contribute to the Occurrence.

4.  Any and all "documents" concerning your contention that any injury, condition or disability about which Plaintiff complains are due to any prior or subsequent condition, injury, sickness, or disease or is not causally related to this Occurrence.

5.  Any and all "documents" concerning any claims for personal injury filed or made by Plaintiff prior to or subsequent to this Occurrence.

6. Any and all "documents" concerning all statements, oral written, electronic  or otherwise given or made by Plaintiff or any other Person in connection with the Occurrence.

7.   Any and all "documents" concerning any plat, diagram, drawing, plan, document, weather reports, police report, accident reports, movies, security film or footage or photographs concerning this Occurrence, the conditions of, or on the Premises, and/or any injuries or damages sustained by Plaintiff.

8.  Any and all "documents" concerning any movies, security or surveillance film or photographs taken in the past 3 years which depicts the area of the Occurrence described in the Complaint.

9. Any and all "documents" concerning all reports made by you or an employee of yours in the ordinary course of business with respect to the Occurrence, any prior claims on the Premises or the conditions described in the Complaint.

10. Any and all "documents" concerning any contention that any other Person, whether a party or not, action acted in such a manner as to cause or contribute to the

5

Occurrence.

11. Any and all "documents" concerning all reports of expert witnesses you have consulted and intend to call as expert witnesses at the trial of this action, including any reports or notes.

12. Any and all "documents" concerning your contention that you were not negligent in the inspection, maintenance, cleaning, shoveling, salting, deicing, treating and/or clearing of the Premises including the parking lot area where the Plaintiff fell as described in the Complaint.

13. Any and all "documents" concerning the identity and duties of each Person working for any Defendant at the Premises for the one (1) year period immediately prior to the Occurrence.

14. Any and all "documents" concerning any and all medical records relating to any examination, care or treatment of Plaintiff by any health care provider, physician, physical therapist, or mental health care provider.

15. Any and all "documents" concerning every treatise, exhibit, memorandum, writing, drawing, diagram or other tangible item referred to, relied on, or utilized in formulating an opinion by any expert witness whom you intend to designate or call at the trial of this matter.

16. Any and all "documents" concerning every tangible item or piece of evidence upon which the Defendant or their experts intend to rely at the time of the trial of this matter.

17. Any and all "documents" concerning every policy, practice, standard, or

6

procedure, oral, written or otherwise, under which the Defendant operated for the inspection, maintenance, cleaning, shoveling, salting, deicing, treating and/or clearing of the Premises including the treatment of snow or ice on the parking lot area where the Plaintiff fell as described in the Complaint as of the day of the Occurrence.

18. Any and all "documents" concerning the identity of each Person who owns, controls, operates, leases, cleans, inspects and/or maintains the Premises including but not limited to, the parking lot area where the Plaintiff fell as described in the Complaint, as well as any easement or right of way on or through the Premises.

19.   Any and all "documents" concerning when the Defendant first acquired knowledge of the conditions described in Complaint, including but not limited to, the existence of any ice or snow in the parking lot area where the Plaintiff fell as described in the Complaint.

20.   Any and all "documents" concerning any Person who communicated to you, either before or after the Occurrence, that there was ice in the parking lot area where the Plaintiff fell as described in the Complaint.

21.   Any and all "documents" concerning each and every step, effort, repair, maneuver, act or thing done or undertaken by you or anyone else to prevent an invitee from slipping on black ice on the parking lot area where the Plaintiff fell as described in the Complaint on the day of the Occurrence, and to maintain the parking lot of the Premises in a safe condition for invitees.

22. Any and all "documents" concerning the identity all Persons who had responsibility for performing any inspection, maintenance, cleaning, shoveling, salting,

7

deicing, treatment and/or clearing of the Premises including the parking lot area where the Plaintiff fell as described in the Complaint, including any logs schedules and worksheets.

23. Any and all "documents" concerning any warnings, signs, posters, or - indicators given regarding the existence of black ice on the Premises, including on the parking lot area where the Plaintiff fell as described in the Complaint on the day of the Occurrence.

24. Any and all "documents" concerning every inspection of the parking lot area on the Premises where the Plaintiff fell as described in the Complaint during the 72 hour period immediately prior to, and 24 hour period immediately after, the Occurrence.

25. Any and all "documents" concerning the reason why black ice was on the parking lot area on the Premises where the Plaintiff fell as described in the Complaint at the time of the Occurrence.

26. Any and all "documents" concerning your contention that you did not have either actual or constructive knowledge of the condition on the parking lot, including the black ice on which the Plaintiff slipped and fell as described in the Complaint prior to Occurrence.

27. Any and all "documents" concerning your actual or constructive knowledge prior to Occurrence of the condition of the parking lot on the Premises, including the existence of black ice, on which the Plaintiff fell as described in the Complaint.

28. Any and all "documents" concerning any and all agreements, oral, written or otherwise, between you and other Person including any Defendant, regarding the

8

inspection, maintenance, cleaning, shoveling, salting, deicing, treatment and/or clearing of the Premises including the parking lot area where the Plaintiff fell as described in the Complaint as of the day of the Occurrence.

    29. Any and all "documents" concerning Defendant's answers to interrogatories.

        Respectfully submitted,
        **Wortman & Nemeroff, P.A.,**

        Steven M. Nemeroff, CPF: 8706010297
        4710 Bethesda Avenue
        Suite 203
        Bethesda, Maryland 20814
        Telephone:   (301) 986-5200
        Fax:        (301) 986-4520
        Email:       SMN@WortmanNemeroff.com
        *Attorney for Plaintiffs*

F:\WP_FILES\CLIENTS\Barnwell.Keith\ReqProdDocumentsToDefendants.doc